{¶ 55} I fully concur in the majority's analysis and disposition of appellant's third and fourth assignments of error.
 {¶ 56} As to appellant's first assignment of error, I concur in the majority's disposition. However, unlike the majority, I find Officer Simcox's testimony permits the inference the hand held radio he used to conduct the RFI test was one normally used by his law enforcement agency and therefore there was full or strict compliance with the regulations.
 {¶ 57} Likewise, I find full or strict compliance relative to the twenty minute observation period. In its journal entry, the trial court specifically found it did not believe appellant ingested any foreign material that would require the twenty minute observation period be restarted.
 {¶ 58} Finally, with respect to appellant's second assignment of error, I agree with the majority's analysis and disposition with respect to the HGN test and the walk-and-turn test. I write separately only to note my disagreement with the conclusion reached by this Court in Statev. DeLong, Fairfield App. No. 02CA35, 2002-Ohio-5289. Though I agree with this Court's distinction set forth in DeLong between the scientific nature of the HGN test and the non-scientific nature of the one-leg stand and walk-and-turn tests, I nevertheless believe failure to strictly comply with standardized testing methods and procedures with respect to the later two psychomotor field tests requires exclusion at trial. My reasons for so concluding are set forth in State v. Weirtz (Sep. 30, 2002), Delaware County App. No. 02CAC06032, unreported.